UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUAN CRUZ,

        Plaintiff,

v.

GERDAU,

        Defendant.

Civil Action No. 18-1385 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the application of *pro se* Plaintiff Juan Cruz ("Plaintiff") to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (Appl., ECF No. 5.) The Court will grant the application on the strength of Plaintiff's allegation of indigence. The Court, however, dismisses the Complaint (ECF No. 1) for failure to demonstrate subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure[1] 8(a) mandates that Plaintiff's Complaint set forth: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. Plaintiff's Complaint, however, does not comply with either of Rule 8(a)'s requirements. First, Plaintiff's Complaint states that the Court has federal question jurisdiction, however, Plaintiff does not

---

[1] All references to a Rule or Rules hereinafter refer to the Federal Rules of Civil Procedure.

provide the Federal law or Constitutional provision through which he seeks to proceed.[2] (*See* Appl.).

Next, Plaintiff fails to provide sufficient factual support for his claims. In a single sentence, Plaintiff appears to argue that Defendant in this action—Gerdau—failed to provide him with protective equipment, and therefore, he was exposed to "metal, dust, and fumes" and that the "equipment used to move steel is unsafe." (*Id.*) It is unclear from the Complaint, however, what Plaintiff's employment was, as well as how and why Plaintiff was exposed to such hazards. The Complaint also fails to allege the relationship between Plaintiff and Gerdau. (*Id.*)

Based on the foregoing, and for other good cause shown, Plaintiff's Complaint is dismissed without prejudice for failure to comply with Rule 8(a). Plaintiff, however, may file an Amended Complaint adhering to Rule 8(a)'s pleading requirements.

Accordingly, **IT IS** on this 27th day of August 2019, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby granted pursuant to 28 U.S.C. § 1915;

2. The Clerk of Court shall file the Complaint (ECF No. 1) without prepayment of fees or security;

3. The Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B);

4. The Clerk of Court shall close the case; and

5. Plaintiff may file an Amended Complaint by **September 27th, 2019**;

---

[2] Plaintiff failed to provide an answer in response to the following question. "If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory, or treaty right is at issue." (*Id.*)

6. If Plaintiff files an Amended Complaint by **September 27th, 2019**, the Clerk of Court shall reopen the case and the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B);

7. If Plaintiff fails to file an Amended Complaint by **September 27th, 2019**, the Court will dismiss the Complaint with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE