**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUAN CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>GERDAU,<br><br>Defendant. | Civil Action No. 18-1385 (MAS)(DEA)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Juan Cruz's ("Plaintiff") unopposed Motion to Reopen his case.[1] (ECF No. 7.) By way of brief background, Plaintiff initiated the present action on January 31, 2018 by filing a Complaint and an application to proceed *in forma pauperis* ("IFP Application"). (*See* ECF No. 1.) The Court denied Plaintiff's IFP Application on September 25, 2018, and directed Plaintiff to file a new IFP Application thirty-days thereafter. (ECF No. 3.) Plaintiff complied (ECF No. 5), and on August 28, 2019, the Court granted Plaintiff's IFP Application but dismissed Plaintiff's Complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for Plaintiff's failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure[2] and because Plaintiff failed to identify a basis for jurisdiction. (*See generally* Aug. 28, 2019, Mem. Order, ECF No. 6.) The Court, nevertheless, granted Plaintiff

[1] For the purpose of deciding Plaintiff's Motion, the Court construes Plaintiff's filings liberally. *See Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

leave to file an Amended Complaint by September 27, 2019. (*Id.*) Plaintiff did not file an Amended Complaint by that deadline, and pursuant to the Court's August 28, 2019, Memorandum Order, such inaction would result in the Court dismissing the present action with prejudice. (*Id.*)

Plaintiff now seeks to reopen this case, arguing that extraordinary circumstances prevented him from participating in the legal process between 2017 and 2020. (Pls.' Mot. *1, ECF No. 7.[3]) The Court, accordingly, construes Plaintiff's Motion to Reopen as one arising under Rule 60(b). Under Rule 60(b), a party may seek relief from final judgment, and request the reopening of his case, "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). There are time limitations on Rule 60(b) motions. Specifically, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2) and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Here, Plaintiff contends that he was undergoing mental health treatment related to physical injuries he sustained during his employment, where he was exposed to hazardous substances, which significantly impaired his ability to understand, manage, or participate in the legal process. (Pl.'s Mot. *1.) The Court construes this argument as seeking relief from a final judgment due to

[3] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

excusable neglect under Rule 60(b)(1). Despite the circumstances presented here constituting excusable neglect, Plaintiff is seeking relief from the Court's judgment eight years after it was entered. Therefore, Plaintiff brought his motion neither within a reasonable time nor within one year after the entry of this Court's judgment. The Court, accordingly, denies Plaintiff's Motion to Reopen. *See Scalercio-Isenberg v. Transunion LLC*, No. 26-1972, 2026 WL 3060609, at *1 (3d Cir. Oct. 13, 2026) (affirming denial of Rule 60(b) motion made three years after judgment); *Bank of Am., N.A. v. Westheimer*, 683 F. App'x 145, 151 (3d Cir. 2017) (affirming denial of Rule 60(b) motion made nine months after judgment).

Based on the foregoing,

**IT IS**, on this 16th day of November 2026, **ORDERED** as follows:

1. The Clerk of the Court shall reopen this matter for the limited purpose of considering Plaintiff's Motion to Reopen.

2. Plaintiff's Motion to Reopen (ECF No. 7) is **DENIED**.

3. The Clerk of the Court shall close this matter.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**